UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| MANFRED ROSS STOCKWELL, <br> JO ANN STOCKWELL, <br><br>          Plaintiffs, <br><br>     v. <br><br> UNITED STATES, <br><br>          Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | Civil Action No. 06-1517 (ESH) |

**MEMORANDUM OPINION AND ORDER**

Plaintiffs Manfred Ross Stockwell and Jo Ann Stockwell filed a *pro se* complaint on August 25, 2006, alleging errors by the Internal Revenue Service (IRS) and seeking damages under 26 U.S.C. § 7433. For the reasons explained below, plaintiffs' complaint fails to state a claim upon which relief can be granted and the Court therefore dismisses the case without prejudice.

**BACKGROUND**

Plaintiffs' complaint alleges that "defendant, through principals, officers, and/or employees of the Internal Revenue Service," violated myriad provisions of the Internal Revenue Code and its accompanying regulations. (Compl. at 1.)[1] Plaintiffs seek damages for the alleged violations under Section 7433. (Compl. at 20.) Plaintiffs' case is one of dozens of virtually identical *pro se* complaints recently filed in the U.S. District Court for the District of Columbia.

---

[1] Citations to the complaint are to page numbers, because the complaint's paragraphs are not numbered.

Several of these cases have been dismissed for failure to state a claim on which relief can be granted, owing to plaintiffs' failure to exhaust administrative remedies. *See, e.g., Waller v. United States*, No. 06-1112, 2006 WL 2472781, at *1 (D.D.C. July 7, 2006) . Therefore, on August 31, 2006, the Court ordered plaintiffs to show cause why jurisdiction over their claim was proper. *Stockwell v. United States*, No. 06-1517 (D.D.C. Aug. 31, 2006) (order to show cause). Specifically, the order to show cause instructed plaintiffs to explain how they had exhausted their administrative remedies as required by Section 7433(d)(1) and 26 C.F.R. § 301.7433-1(a), (e), and to attach all documentation reflecting the filing of a claim as described in 26 C.F.R. § 301.7433-1(e)(2). In plaintiffs' response to the order, they do not claim to have exhausted their administrative remedies. (Pls.' Resp. at 2.) Plaintiffs instead ask the Court to excuse their failure to exhaust administrative remedies because the IRS is biased and unwilling to reconsider its actions. (*Id.* at 1.)

## ANALYSIS

Plaintiffs argue that jurisdiction properly lies in this Court under Section 7433, which provides:

> If, in connection with any collection of Federal tax with respect to a taxpayer, any officer or employee of the Internal Revenue Service recklessly or intentionally, or by reason of negligence disregards any provision of this title, or any regulation promulgated under this title, such taxpayer may bring a civil action for damages against the United States in a district court of the United States.

26 U.S.C. § 7433(a) (2006). With respect to exhaustion, the statute states that "[a] judgment for damages shall not be awarded under [Section 7433] unless the court determines that the plaintiff has exhausted the administrative remedies available to such plaintiff within the Internal Revenue

2

Service." *Id*. § 7433(d)(1).

The IRS has established by regulation the procedure by which a taxpayer may pursue a claim under Section 7433. *See* 26 C.F.R. § 301.7433-1 (2006). The regulation makes clear that "[a]n action for damages filed in federal district court may not be maintained unless the taxpayer has filed an administrative claim pursuant to . . . this section." *Id*. § 301.7433-1(a). To file an administrative claim properly, a taxpayer must write "to the Area Director, Attn: Compliance Technical Support Manager of the area in which the taxpayer currently resides." *Id*. § 301.7433-1(e)(1). The regulation spells out with specificity the information that must be provided to the area director, including, *inter alia*, "[t]he grounds, in reasonable detail, for the claim;" "a description of the injuries incurred;" and "[t]he dollar amount of the claim, including any damages that have not yet been incurred but which are reasonably foreseeable." *Id*. § 301.7433-1(e)(2)(ii) - (iv). The taxpayer is further required to provide any "substantiating documentation" supporting his claim. *Id*. § 301.7433-1(e)(2)(iii). A civil action in federal district court cannot be maintained until either the IRS rules on the claim, or six months pass without a decision by the IRS on a properly filed claim. *Id*. § 301.7433-1(d)(I)-(ii).

In plaintiffs' response to the Court's order to show cause, they do no more than assert that the IRS is biased and unwilling to reconsider its actions because the agency has "routinely disregard[ed]" various "service policies" pledging the agency will assist taxpayers in navigating the Internal Revenue Code. (Pls.' Resp. at 1.) In support of this position, plaintiffs make several allegations that they have unsuccessfully sought assistance from the IRS. (*See, e.g.*, *id.* at 9 ("Defendant's agency has demonstrated bias against me by failing to provide me with information on the application of the tax law, refusing my requests for comprehensive, accurate,

and timely information on the requirements of tax law and regulations; by failing to make positive efforts to determine my needs and to effectively meet those needs; [and by] failing to comply with Service Policy [P-6-20].").)  Plaintiffs do not at any point contend that they exhausted their administrative remedies.

Because exhaustion is statutorily mandated under Section 7433, it would not be appropriate for the Court to waive the exhaustion requirement in this case.  *See Avocados Plus, Inc. v. Veneman*, 370 F.3d 1243, 1247 (D.C. Cir. 2004) ("If the statute does mandate exhaustion, a court cannot excuse it."); *Turner v. United States*, 429 F. Supp. 2d 149, 152 (D.D.C. 2006) (explaining that, "[a]lthough . . . courts sometimes relieve plaintiffs of exhaustion requirements, . . . this is true only when the exhaustion requirement is itself a judicial creation").

Moreover, even if exhaustion under Section 7433 were a judicially-created doctrine and the Court had discretion to waive the requirement, *see Avocados Plus,* 370 F.3d at 1247, the Court would not exercise that discretion on the facts of this case.  The judicially created exhaustion requirement "serves three functions."  *Id.*  The doctrine "give[s] agencies the opportunity to correct their own errors, afford[s] parties and courts the benefits of agencies' expertise, [and] compil[es] a record adequate for judicial review."  *Id.* (third alteration in original) (quoting *Marine Mammal Conservancy, Inc. v. U.S. Dep't of Agric.*, 134 F.3d 409, 414 (D.C. Cir. 1998)).  Here, all three purposes are served by requiring the plaintiffs to exhaust their administrative remedies.  Moreover, plaintiffs have introduced no evidence that the agency is biased, or that it has a "preconceived position on, or lacks jurisdiction over," their claim.  *Randolph-Sheppard Vendors of Am. v. Weinberger*, 795 F.2d 90, 107 (D.C. Cir. 1986).

## CONCLUSION

The Court finds that by failing to exhaust their administrative remedies as required by Section 7433, plaintiffs have not stated a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). It is hereby **ORDERED** that the case be dismissed without prejudice.

                                        s/
                               ELLEN SEGAL HUVELLE
                               United States District Judge

DATE:    September 26, 2006